In the Matter of HUGO SCUCCIMARRA, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 9, 1979

### APPEARANCES OF COUNSEL

*Donald E. Humphrey* for petitioner.

*Dempsey & Spring, P. C. (Arthur J. Spring* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent, an attorney and former Judge of the Peekskill City Court, was admitted to practice by this court on June 25, 1941. In this proceeding to discipline him for professional misconduct, the respondent moves to confirm those parts of

the Referee's report which dismissed charges two and seven and to disaffirm so much of the Referee's report as sustained charges three, four, five and six. The petitioner cross-moves to confirm the Referee's report insofar as it sustained charges one, three, four, five and six, and to disaffirm the report with respect to the failure to sustain charge two.

The Referee sustained the first charge, which alleged that on October 27, 1975 the respondent was convicted of perjury in the third degree (Penal Law, § 210.05), a class A misdemeanor, in the County Court, Westchester County. The Referee failed to sustain the second charge alleging that the respondent was guilty of perjury in the first degree. The Referee was of the view that the respondent's plea of guilty to perjury in the third degree in full satisfaction of the indictment (which charged perjury in the first degree) precluded the petitioner from relitigating the question of perjury in the first degree. The Referee also sustained the third charge which alleged that the respondent was guilty of conspiracy in the third degree based upon evidence disclosing that he and his attorney agreed that the respondent would falsely testify before the Judiciary Relations Committee on August 6, 1974, and that the respondent did so testify. The fourth charge, alleging perjury in the third degree, was also sustained because the "evidence [was] clear" that the respondent had submitted an affidavit to the Judiciary Relations Committee that he knew to be false. The Referee sustained the fifth charge, conspiracy in the third degree, in that the afore-mentioned affidavit was executed and delivered pursuant to an agreement between the respondent and his attorney. The sixth charge, deceit and collusion, was also sustained by the Referee because the actions and conduct as set forth in each of the five previous charges constituted a violation of section 487 of the Judiciary Law ("Misconduct by attorneys"). The Referee failed to sustain charge seven because the complainant waited a year before making the complaint concerning the respondent's conduct, and then, only after the respondent had recovered a judgment against this client for legal services rendered.

After reviewing all of the evidence and the report of the Referee, we are in full agreement with the findings contained in the report with the exception of the finding as to charge two. We find that the allegations as to that charge have been sustained. Thus, all charges are sustained except charge seven. Accordingly, the petitioner's cross motion to confirm in

part and disaffirm in part is granted. The respondent's motion is denied to the extent indicated.

The respondent is adjudged guilty of serious professional misconduct. He is therefore disbarred from the further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MOLLEN, P. J., DAMIANI, TITONE, O'CONNOR and LAZER, JJ., concur.